UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:16-CR-00170-JHM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TERRANCE DOBBINS, | ) | |
| | ) | January 9, 2018 |
| Defendant. | ) | Louisville, Kentucky |

* * * * *

TRANSCRIPT OF SENTENCING HEARING
BEFORE HONORABLE JOSEPH H. MCKINLEY, JR.
UNITED STATES DISTRICT CHIEF JUDGE

* * * * *

APPEARANCES:

For United States: J. Scott Davis
U.S. Attorney's Office
717 West Broadway
Louisville, KY 40202

For Defendant: Mark D. Chandler
600 West Main Street, Suite 300
Louisville, KY 40202

[Defendant present.]

Dena Legg, RDR, CRR, CCR-KY
Official Court Reporter
232 U.S. Courthouse
Louisville, KY 40202
(502) 625-3778

Proceedings recorded by mechanical stenography, transcript produced by computer.

(Begin proceedings in open court at 12:10 p.m.)

THE COURT: This next case is United States v. Terrance Dobbins. It's on for sentencing. State your appearances, please.

MR. DAVIS: Your Honor, Scott Davis for the United States.

MR. CHANDLER: Judge, Mark Chandler. I'm standing in for Rob Eggert for Mr. Dobbins.

THE COURT: Okay. All right. Mr. Dobbins, there was a presentence report that was prepared in your case. Did you get an opportunity to look at that?

THE DEFENDANT: Yes, sir.

THE COURT: All right. Did you discuss it with either Mr. Chandler, or Mr. Eggert, or somebody in his office?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. And, Mr. Chandler, do you acknowledge receipt -- timely receipt of the report and the fact that you and Mr. Dobbins have discussed it?

MR. CHANDLER: Yes, Your Honor.

THE COURT: Okay. Or that somebody has discussed?

MR. CHANDLER: Mr. Eggert discussed it with him, yes, sir.

THE COURT: All right. Well, this is a (C) plea and I would guess that the United States still wants me to go along with the (C) plea.

MR. DAVIS: Yes, sir.

THE COURT: All right. Are there any motions to be made in this case?

MR. DAVIS: No, sir.

THE COURT: Okay. The guideline range is a little different than your recommended sentence. Can you give me some idea as to why you sort of varied, I guess?

MR. DAVIS: May I approach?

THE COURT: Yes. You-all want to come up?

(Bench conference on the record.)

MR. DAVIS: Your Honor, in developing this case --

THE REPORTER: Mr. Davis, can you get closer to the microphone, please.

MR. DAVIS: Yes, sure can.

-- there were some controlled purchases off Mr. Dobbins, which then led to a search warrant which -- and the amount in the plea agreement is the amount that was seized from the search warrant.

THE COURT: Okay.

MR. DAVIS: So we didn't add the buys.

THE COURT: And the presentence did?

MR. DAVIS: No, the presentence did not. We agreed to the amount from the search warrant, but that was part of the factor is we then didn't have to bother trying to worry about revealing the person who made the purchase from Mr. Dobbins.

We also agreed we wouldn't try to put that amount of dope on him and make him responsible for it. And so in agreeing to that, that's one of the factors, that we agreed to go down a little bit, because he didn't push us on the CS issue.

THE COURT: Okay. All right. So, basically, although he didn't cooperate in the sense of ratting on anybody, he just cooperated with you in prosecuting the case.

MR. DAVIS: Correct. And then we -- similarly, we didn't enhance it farther, which we could have with the amount of meth that we got from him.

THE COURT: So 84 months, you think, is a reasonable sentence?

MR. DAVIS: Yes, sir.

THE COURT: Okay. Anything to add to that?

MR. CHANDLER: No, sir.

THE COURT: Okay. Thank you.

MR. CHANDLER: Thank you, Judge

(End of bench conference.)

THE COURT: All right. The (C) plea calls for an 84-month sentence and the Government believes that that is an appropriate sentence in this case?

MR. DAVIS: Yes, sir, that's correct.

THE COURT: All right. Any comment, Mr. Chandler, on that?

MR. CHANDLER: No, Your Honor. We would just ask you

to follow the plea agreement.

THE COURT: Mr. Dobbins, you have an opportunity to speak on your own behalf. Do you want to say anything?

THE DEFENDANT: No, sir.

THE COURT: Okay. All right. I'm going to go along with your agreement. I'm going to sentence you to 84 months' custody, followed by a term of supervised release for a period of four years. That's the minimum, it looks like. There's no restitution or forfeiture here.

MR. DAVIS: No, sir.

THE COURT: There are court costs. You've got two counts, Mr. Dobbins. That's $200 that I'll make you pay, but I won't make you pay anything else with -- no fine, no cost of incarceration, anything of that nature.

The supervised release, did I or somebody explain to you what that was?

THE DEFENDANT: Yes, sir.

THE COURT: I mean, like, once you get out, then you'll be supervised. It will be like being on parole, but it's different in some ways but other ways it's very similar.

One of the conditions will be that you do drug aftercare and you're subject to searches. The other regular conditions will be explained to you, like not traveling outside the district without permission and, of course, not getting into anymore trouble and that sort of thing.

THE DEFENDANT: Yes, sir.

THE COURT: So 84 months' custody, four years of supervised release with those conditions, $200 special penalty assessment. Do you understand your sentence?

THE DEFENDANT: Yes, sir.

THE COURT: All right. Any objection to it that's not been stated?

MR. DAVIS: No, sir.

MR. CHANDLER: No, sir.

THE COURT: Okay. All right. You gave up your right to appeal, I assume.

THE DEFENDANT: Yes, sir.

MR. DAVIS: Yes, sir.

THE COURT: All right. Have him sign this piece of paper, Mr. Chandler.

Okay. Thank you very much.

MR. CHANDLER: Thank you, Judge.

MR. DAVIS: Thank you, Judge.

(Proceedings concluded at 12:16 p.m.)

C E R T I F I C A T E

I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

s/Dena Legg
Certified Court Reporter No. 20042A157
Official Court Reporter

November 18, 2020
Date